**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

_____

**IRA S. KORNSTEIN  (IK/ 0618)**
**By:_/s/ Ira S. Kornstein, Esq.___**
**Ira S. Kornstein, Esq.**
**381 Broadway   Suite 300**
**Westwood, New Jersey 07675**
**(201) 390-4875**
**Attorney for Creditor/ A & J Elite Properties, LLC**

_____

| | | |
|---|---|---|
| In Re: | : | CHAPTER  11 |
| Bamboo Palace, Inc. | | |
| | : | CASE NO.: 22-10861 |
| Debtor. | | |
| | : | **NOTICE OF OBJECTION** |

_____

      The undersigned, Ira S. Kornstein, Esq.,  attorney for the secured creditor, A&J Elite Properties, LLC, the holder of the secured judgment on the debtors real property hereby objects to the confirmation of the debtor's proposed Chapter 11 plan for the following reasons;

1. Debtor's plan provided for payment in the amount of $ 0 toward the creditor claim.  The creditor, A& J Elite Properties LLC has a final judgment on this claim. Debtor proposes some type of property development, but appears to have not disclosed some material facts and information which might be considered critical or important to those who are to vote or decide the fate of the Debtor through the bankruptcy confirmation process.

2. Debtor is not a valid corporation, having allowed the corporate certification to lapse. Please make reference to the certification enclosed of the creditor, Julio Hernandez, wherein he references the lapse of corporate certification and attached notice from the State of New Jersey reflecting same.

*My client is of the belief that the New Jersey State application before Trenton, NJ is pending since February and remains pending.*

*At present the debtor is not a valid corporation. Further, the debtor was not a valid corporation at the time of the petition date. However, the debtor claims in the Plan that they are a valid corporation. Such important, false disclosures should prevent this Plan from being confirmed.*

Additionally, I wish to note that the original corporate incorporation papers listed the debtor as an restaurant, eating establish, not as a real estate developer. Failure to distinguish or disclose, failure to disclose that there is a 4 th. parcel not owned by the debtor, failure to disclose in the Plan that the subject property is part of an major redevelopment project in Jersey City subject to the ebb and flow of politicians, failure to disclose that the debtor is not

a valid corporation seeking reinstatement of the corporate status all questions the honesty and feasibility of the actions and conduct of the debtor. I believe that such requirement and licenses are very basic to the operation of corporate entities and the operation of all business. How can any responsible corporation allow this to happen or continue such aberrant behavior and conduct ?

3. It is a fundamental business practice for corporations to maintain valid corporate status. It is believed that the lack of a valid corporation attached to the bankruptcy, or the property of the debtor entity will prevent the debtor from being allowed to file or defend legal claims in the State of New Jersey including the land use variance(s) which will be required to possible effectuate the grandiose "pipe dream" projections illustrated and proposed in the papers filed with the within Plan. It may also prevent the debtor from retaining any real estate professional as proposed in the Plan or allowing the Plan to proceed.

4. In reference to the property site, my client has advised that there is an additional property parcel on the site which is considered for development or redevelopment. This parcel property, which appears to bisect the advertised and projected usefulness of the debtor's confirmation plan appears to make it impossible for the debtor to have the 70 ft. frontage of property which my client believes will be required to move ahead with any type of redevelopment.

    5. It is believed by my client that the legal expenses alone to obtain any land use variance to obtain any development may be in the area of $250,000. Considering that the debtor has been unable to pay approx. $3,000 in tax obligations, how will the debtor be able to financially afford such expenses. Moreover, it appears that there is a chilling affect to any proposed developer or partner to finance or development such real property, especially when the property tax lien is required to be at the paid at the beginning of the process. Moreover, if all of the property as presented in the debtor's proposal are not available for development, owned by another party preventing contiguous property development, how can the Plan projections be realized. The debtor has had over a decade to develop or maximize the real property value and has not done so.

The Plan presented by debtor, is not viable, fair, reasonable or equitable. The debtor has had 5 years since the last bankruptcy filing to plan and develop the subject property and has not done so.

  6. In reference to the proposed Plan as referenced in the "The Plan" provided "Sect. 2.5; Debtor has been communicating with commercial real estate professionals regarding the potential sale of Vacant Lot 1 and/or Vacant Lot 2

and/or the sale of the entirety of the Debtor's business assets". It is my understanding (based upon the certification of my client) that the subject property incorporates 4 parcels, one of which is not owned by the debtor.

7. The Debtor claims that they require time to sell off these properties. The debtor has had at least 10 years to retain or communicate with real estate professionals to resolve these issues. Debtor failed to disclose in the petition and Plan that there is a 4th. Parcel in the middle of the expanse of lots and also has failed to disclosed that this subject property is part of a major Jersey City redevelopment plan, one that has been ongoing for over 10 years, one that could be subject to the political fortunes of individual elected officials which could determine the success or outcome of these projected dreams. The debtor in the Plan indicated that they are communicating with real estate brokers. The debtor also noted that they may retain such broker before the confirmation, which has not taken place.

It also seems clear that the debtor is proposing the sale of one or two lots, as referenced in the attached creditor certification, such one lot sale will not be sufficient to cover or pay off in full the creditors.  In fact, when the valuation of the property is calculated by the creditor herein, the total equity of the 3 parcels subject to the bankruptcy only total $1,000,000 leaving the debtor without any equity.  The liquidation analysis might be the more appropriate conclusion to this Plan.  The time request of 18 months by the debtor, with an extension beyond that is excessive and discriminatory to the creditor.  Especially since that the debtor has had over 5 years since the last bankruptcy to communicate with the brokers and retain such real estate brokers.  If the Court requires an detailed evidentiary hearing concerning the values of the individual parcels, my client would be willing to obtain such evidence if necessary.

8. The debtor still, three months into the bankruptcy has not established the DIP account.  There does not appear that there are any sources of income from the debtor to finance any expenses related to this reorganization, including tax or utility payments at minimum.

9. The Plan negates the legal and equitable rights that my client and others have as secured creditors. The Plan provides in Sect 6.1 .."or in the order confirming the Plan, (I) confirmation of the Plan vests all of the property of the state in the Debtor,..." The Plan makes no reference to the status of the liens held by the secured creditors. This alters my clients interest in his secured claim and rights and is unfair and inequitable to the creditor class and I believe is in violation of the Code. My client's claims under the bankruptcy case are impaired, being a secured final judgment creditor and his legal and equitable rights are being altered and modified. The Plan fails to pay the secured creditors in full upon confirmation, fails to pay any adequate protection payments to creditors and should be denied. The Plan is objectionable and should be denied and the case dismissed.

10. Failure by the debtor to disclose the above noted information to the creditors while seeking approval of the Plan is not fair or equitable. In fact, it is another example of bad faith on the part of the debtor. According, the proposed Plan is not feasible as it does not compensate secured creditor and the other creditors in the bankruptcy case and should be dismissed.

Please take further notice that this Secured Creditor shall rely upon the facts and procedural history set forth in the supporting Certification of A&J Elite and the Certification of Counsel. We also request oral arguments of counsel and evidence adduced on the return date.

**WHEREFORE**, this creditor prays that the Plan of reorganization presented before the Court should not be confirmed and that this Chapter 11 case be dismissed.

Ira S. Kornstein, Esq.
Counsel for Secured Creditor- A&J Elite Properties LLC

__/s/ Ira S. Kornstein_____
Ira S. Kornstein, Esq. ( IK/0618)

Dated: June 1, 2022